UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Haroon Tanooli,<br><br>                           Plaintiff,<br>       -v-<br><br>Distinctive Maintenance Company Inc.,<br><br>                           Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Haroon Tanooli ("Plaintiff," or "Tanooli"), on behalf of himself and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendant Distinctive Maintenance Company Inc., ("Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to the New York Labor Law ("NYLL"), that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week; (ii) entitled to an extra hour of pay for each day he worked a spread of hours of more than ten (10) hours pursuant to New York Minimum Wage Act and the regulations thereunder; and (iii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR 146-1.6, 12 NYCRR 146-1.4, 12 NYCRR 142-2.2, 12 NYCRR 142-2.4.

3. Plaintiff is also entitled to recover all of his unpaid wages under Article 6 of the New York Labor Law including Section 191, and compensation for not receiving notices and statements required by NYLL 195, and is also entitled to maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Haroon Tanooli ("Plaintiff" or "Tanooli") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief, Defendant Distinctive Maintenance Company Inc. ("Defendant" or "DMC") was a New York for-profit corporation with a principal place of business in Bronx County, New York, at 742 Whittier Street, Bronx, NY 10474.

## STATEMENT OF FACTS

9. Upon information and belief, and at all relevant times herein, Defendant, was engaged in the business of providing building maintenance and repair services.

10. Upon information and belief, and at all relevant times herein, Defendant employed approximately about 50 persons at any given time and serviced/operated at 200-300 buildings

including at Hotel Q located at 76-01 Queens Blvd, Elmhurst, NY 11373 – multi-story hotel, where Plaintiff was employed.

11. At all times relevant herein, Plaintiff was individually and/or jointly, employed by Defendants as a maintenance worker/porter and performed a variety of manual work within this capacity.

12. Plaintiff Tanooli was employed by Defendant, from in or around December 2014 to on or about April 19, 2018.

13. At all times relevant herein, Plaintiff was an hourly employee of Defendant, and was paid at a regular rate of about $10-$14 an hour at various times during his employment with Defendant.

14. At all time relevant herein Plaintiff worked between 45-56 each week.

15. For the period from in or around December 2014 to in or around November 2015, Defendant paid Plaintiff for all work hours, including his overtime hours (weekly work hours over 40), at his straight regular hourly rate. For example, for the bi-weekly pay period represented by check dated September 3, 2015, Plaintiff worked at least 113 hours for Defendant, and was paid by Defendant at his straight regular rate of $10/hr for each and all of these 113 hours – a gross amount of $1130. By way of further example, for the bi-weekly pay period represented by check dated October 1, 2015, Plaintiff worked at least 106 hours for Defendant, and was paid by Defendant at his straight regular rate of $10/hr for each and all of these 106 hours – a gross amount of $1060.

16. For the period from in or around November 2015 until his termination on or about April 19, 2018, Defendant paid Plaintiff for most of his overtime hours except for about 2 to 2.5 overtime hours each week – Defendant had a policy of deducting 30 minutes for "lunch" each day but Plaintiff was not free from work within the meaning of the FLSA and NYLL during this 30-minute period. For example, for the bi-weekly pay period ending April 5, 2018, Plaintiff was paid for 16 overtime hours by Defendant instead of at least 18 hours overtime work.

17. At all times relevant herein, Plaintiff worked approximately 45-56 hours a week and likely more, 4-5 days a week; about 11 or more hours a day - a more precise statement of the hours of wages will be made when Plaintiff obtain the wage and time records Defendant was required to keep under the FLSA (29 USC 211, 29 CFR 516) and NYLL (NYLL 195, 12 NYCRR 142-2.6) – <u>accurate</u> copies of such records are incorporated herein.

18. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

19. At all times relevant herein, Plaintiff worked a spread of hours of more than ten (10) hours a day during his employment with Defendant. However, Plaintiff was not paid an extra hour of pay each such day as required by 12 NYCRR 146-1.6.

20. At all times relevant herein, Defendant paid Plaintiff on a bi-weekly basis.

21. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1).

22. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all hours worked by Plaintiff, spread of hours wages, among other deficiencies.

23. At all times relevant herein, Defendant paid Plaintiff on a bi-weekly basis.

24. At all times applicable herein, Defendant conducted business with vendors/entities/persons within the State of New York.

25. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

26. At all times applicable herein and upon information and belief, Defendant utilized the goods, materials, and services through interstate commerce such as cleaning supplies, and other

essential supplies and materials.

27. At all times applicable herein and upon information and belief, Defendant conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

28. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL.

29. Upon information and belief, and at all relevant times herein, Defendant, failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

30. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

31. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 30 above as if set forth fully and at length herein.

32. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

33. Upon information and belief, and at all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

34. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

35. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

36. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. (Unpaid Overtime and Spread of Hours Wages)

37. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if set forth fully and at length herein.

38. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR §§ 146, 142.

39. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff, overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2; 12 NYCRR 146-1.4.

40. At all times relevant herein, Defendant, <u>failed</u> and <u>willfully failed</u> to pay Plaintiff an additional hour of pay for each day in which he worked a spread of hours in excess of ten hours, in violation of the New York Minimum Wage Act, New York Labor law, § 650 et seq., including 12 NYCRR 146-1.6., 12 NYCRR 142-2.4.

### Relief Demanded

41. Due to Defendant's NYLL overtime violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime and spread of hours wages, maximum liquidated damages,

prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

42. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

44. At all times relevant herein, Plaintiff was employed by Defendants as a manual worker within the meaning of NYLL 191 (1)(a)(i) who should have been all wages no later weekly.

45. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his unpaid non-overtime and overtime wages, (FLSA and NYMWA), including spread of hours wages, as required under NY Labor Law § 190 et seq.

46. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the notice(s) required by NYLL 195(1) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

47. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

### Relief Demanded

48. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193, 195 and 198, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid non-overtime and overtime wages, spread of hours wages, maximum liquidated damages, including maximum liquidated damages on wages paid later

7

than weekly, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

49. Declare Defendant (including its overtime wage payment policy and practice) to be in violation of the rights of Plaintiff under the FLSA and New York Labor Law – 12 NYCRR § 142, 146 and enjoin Defendant from engaging in such violations.

50. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

51. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime and spread of hours wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR 146-1.6, 12 NYCRR 146-1.4, 12 NYCRR 142-2.2, 12 NYCRR 142-2.4, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

52. As to the **Third Cause of Action**, award Plaintiff, his entire unpaid wages including his unpaid non-overtime and overtime wages, spread of hours wages, maximum liquidated damages, including liquidated damages on all wages paid later than weekly, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

53. Award Plaintiff, any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

54. Award Plaintiff, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**

**May 28, 2018**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF